**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

KEVIN SINGH,

Plaintiff,

v.

MARION COUNTY PROSECUTOR, et al.,

Defendants.

Case No. 2:16-cv-0107-JMS-MJD

**Entry Assessing Initial Partial Filing Fee, Dismissing Complaint, And Directing Plaintiff to Show Cause**

**I. *In Forma Pauperis***

The plaintiff=s motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The plaintiff is assessed an initial partial filing fee of Fourteen Dollars and Sixty-Seven Cents ($14.67). He shall have **through May 2, 2016,** in which to pay this sum to the clerk of the district court. If the plaintiff fails to pay this initial partial payment by the deadline, the action may be dismissed for failure to prosecute, without further notice.

**II. Screening of Complaint**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The plaintiff, Kevin Singh, is an inmate at the Putnamville Correctional Facility. His claims are brought pursuant to 42 U.S.C. § 1983, under which a plaintiff must allege that a state actor violated his constitutional rights. The plaintiff alleges that his due process rights were violated during the proceedings in which he was convicted and sentenced in state court in Marion County,

Indiana. He names as defendants: 1) Marion County Prosecutor; and 2) the Honorable Judge Presiding in Marion County Superior Court #3. He seeks monetary relief.

The plaintiff alleges that after a bench trial on November 25, 2014, he was convicted of a C Felony. Sentencing was continued until January 9, 2015, and he was permitted to stay in county jail rather than be transported to the Indiana Department of Correction ("IDOC"). He alleges that without prior notice, on January 20, 2015, he was transported to the IDOC without means of communication with his attorney and was held beyond his trial date. When he was transported back to court, he had not had any contact with his attorney and counsel was unaware that the trial would proceed that day. The court denied the plaintiff's request for a continuance to obtain competent counsel. The plaintiff ended up agreeing to a plea bargain.

For a number of reasons, the complaint fails to state a claim upon which relief can be granted. First, prosecutors are entitled to absolute immunity from claims for damages for activities which are "intimately associated" with the judicial process such as initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). The plaintiff's claim against the prosecutor falls within the scope of the prosecutor's immunity. The claim against the Marion County Prosecutor is **dismissed for failure to state a claim upon which relief can be granted.**

Second, any claim against a state court judge in his individual capacity is barred by judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). The claim against the Marion County judge is therefore **dismissed for failure to state a claim upon which relief can be granted.**

Finally, the overarching reason that the plaintiff's due process claims must be dismissed is because they are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). If in this civil action "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then his claims must be dismissed unless and until the plaintiff demonstrates that the conviction has been reversed or otherwise overturned. *Id.* at 487. If the Court in this action found that the prosecution was unconstitutional, it would necessarily imply the invalidity of his conviction. His conviction which he challenges in this case has not been reversed or otherwise resolved in his favor and, therefore, his claims are barred by *Heck*.

In addition, although the plaintiff seeks only damages, to the extent the complaint could be read to seek release from imprisonment, the plaintiff cannot obtain that relief in this action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and the Court is not at liberty to convert any portion of an action to a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996). Accordingly, to the extent the plaintiff seeks release from prison, such a claim must be **dismissed without prejudice.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

## III. Further Proceedings

The plaintiff shall have **through May 2, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

**IT IS SO ORDERED.**

Date: March 31, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin Singh, #242173
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135